IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00381-MR

| | |
|---|---|
| **TEJERRICK JAMAL WALLCE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **ERIK A. HOOKS, Secretary of** ) | |
| **Department of Public Safety,**[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed in Forma Pauperis [Doc. 4].

**I.   BACKGROUND**

Tejerrick Jamal Wallace (the "Petitioner") is a prisoner of the state of North Carolina who pled guilty in Mecklenburg County Superior Court on August 26, 2010 on one count of second-degree murder; one count of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]").  Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

robbery with a dangerous weapon; one count of conspiracy to commit robbery; one count of assault inflicting serious injury; and one count of breaking and entering. [Doc. 1 at 1]. On the same date, the Petitioner was sentenced to a maximum of 816 months imprisonment. [Id.]. The Petitioner did not appeal. [Id. at 2].

The Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. [Id.].[2] In 2018, the Mecklenburg County Superior Court denied the Petitioner's MAR. [Id.].

On October 22, 2018, the Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals. [Id. at 15]. On October 24, 2018, the North Carolina Court of Appeals denied the Petitioner's petition for writ for certiorari. [Id.].

On July 13, 2020, the Petitioner filed the present § 2254 Petition in this Court. [Id.]. On July 30, 2020, the Petitioner filed a Motion to Proceed in Forma Pauperis [Doc. 4].

## II. DISCUSSION

The Court first considers the Petitioner's Motion to Proceed in Forma Pauperis. [Doc. 4]. In support of that request, the Petitioner submits an affidavit stating that he has no monthly income and has no money or

---

[2] The Petitioner does not provide the date that his MAR was filed.

2

Case 3:20-cv-00381-MR   Document 6   Filed 11/23/20   Page 2 of 5

property. [Id.]. The Court is satisfied that the Petitioner does not have sufficient resources with which to pay the filing fee for this matter. Therefore, the Petitioner's Motion to Proceed in Forma Pauperis [Doc. 4] will be granted.

The Court turns next to the Petitioner's Habeas Petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

3

Case 3:20-cv-00381-MR   Document 6   Filed 11/23/20   Page 3 of 5

The Petitioner never filed an appeal of his August 26, 2010 conviction. [Doc. 1]. As such, the Petitioner's convictions became final on September 9, 2010, when the time for seeking direct review expired. N.C. R. App. P. 4(a)(2) (stating that appeals to the North Carolina Court of Appeals must be filed within fourteen days after the entry of judgment); § 2244(d)(1)(A). The AEDPA's one-year statute of limitations then began running for 365 days until it expired on September 9, 2011. The Petitioner, however, did not file the present Petition until July 13, 2020. [Doc. 1]. As such, it appears that his Petition is time-barred under § 2244(d)(1)(A).

Because the Petitioner filed his Petition over a year after his judgment became final, his Petition is subject to being dismissed as untimely unless the Petitioner can demonstrate that the Petition is subject to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling should otherwise apply.[3] The Petitioner, however, has not provided an explanation for the delay in filing his Petition and does not appear to assert that any of the other exceptions in § 2244(d)(1) apply here. Because the Petitioner has not provided an explanation for the delay in filing his Petition, the Court will

---

[3] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

4

provide the Petitioner 21 days to explain why his Petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion to Proceed in Forma Pauperis [Doc. 4] is **GRANTED**.

(2) The Petitioner shall, within 21 days of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus [Doc. 1] should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition without further notice.

(3) The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**   Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge