IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00381-MR

| | |
|---|---|
| TEJERRICK JAMAL WALLCE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, Secretary of )<br>Department of Public Safety, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's response to the Court's November 23, 2020 Order [Doc. 6].

Tejerrick Jamal Wallace (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty in Mecklenburg County Superior Court on August 26, 2010 to one count of second-degree murder; one count of robbery with a dangerous weapon; one count of conspiracy to commit robbery; one count of assault inflicting serious injury; and one count of breaking and entering. [Doc. 1 at 1].

The Petitioner did not appeal. [Id. at 2]. The Petitioner's convictions became final on September 9, 2010, when the time for seeking direct review expired. [Doc. 6 at 4]; N.C. R. App. P. 4(a)(2); 28 U.S.C. § 2244(d)(1)(A).

The one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") then began running for 365 days until it expired on September 9, 2011.

On July 13, 2020, the Petitioner filed the present § 2254 Petition for Writ of Habeas Corpus. [Doc. 1]. On November 23, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) and directing the Petitioner to submit a response explaining how statutory or equitable tolling applied to his habeas petition. [Doc. 6 at 5-6].

On December 1, 2020, the Petitioner responded to the Court's Order. [Doc. 7]. The Petitioner argues that equitable tolling should apply because he brought this habeas petition without delay after becoming aware of the statute of limitations. [Id. at 1].[1] Ignorance of the law, however, "is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)). Because the Petitioner fails to raise any other grounds to justify

---

[1] The Petitioner also invokes the Judicature Act of 1873 and his status as a "Moorish American National." [Doc. 7 at 2]. The Judicature Act of 1873 is an English law that gave parties greater opportunity to dispense with the jury at law in English courts. Dawson v. Contractors Transp. Corp., 467 F.2d 727, 739 n.23 (D.C. Cir. 1972). It has no effect on criminal proceedings in the United States of America. Moreover, the Petitioner's arguments based on his status as a purported "Moorish American National" are frivolous. See Wright v. Brooms, 2:11-MC-00003-MR-DLH, 2012 WL 1944917 (W.D.N.C. May 30, 2012) (Reidinger, J.).

equitable tolling, the Court concludes that he has failed to demonstrate the "extraordinary circumstances" necessary to warrant the application of equitable tolling of the statute of limitations in this case.[2] Accordingly, the Petitioner's habeas petition will be dismissed as untimely under § 2244(d)(1).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is hereby **DISMISSED** as untimely under § 2244(d)(1)(A).

---

[2] Even if the Petitioner could demonstrate extraordinary circumstances, he fails to show that he asserted his rights with reasonable diligence by waiting nearly eight years after his convictions to seek post-conviction remedies in state court.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED**.

Signed: January 19, 2021

Martin Reidinger
Chief United States District Judge